SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
PAUL S. MALINGAGIO, Cal. Bar No. 90451
J. JUDY SUWATANAPONGCHED, Cal. Bar No. 266313
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:   213-620-1780
Facsimile:   213-620-1398
pmalingagio@sheppardmullin.com
jsuwatanapongched@sheppardmullin.com

Attorneys for Defendant
ICAP PATENT BROKERAGE LLC

Specially Appearing for Defendant
CASCADE ESTATES, LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANOPUS BIOPHARMA, INC., a Nevada corporation, CANOPUS CORPORATION, LTD., a Belize limited company,<br><br>            Plaintiffs,<br><br>     v.<br><br>SUPPORTIVE THERAPEUTICS, LLC, a Delaware limited liability company, MICHAEL J. MORIN, an individual, ICAP PATENT BROKERAGE LLC, a Delaware limited liability company, CASCADE ESTATES, LTD., a Mauritius limited company, and DOES 1 through 20, inclusive,<br><br>            Defendants. | Case No. 2:15-cv-09439-PSG (DTBx)<br><br>**DEFENDANTS ICAP PATENT BROKERAGE LLC'S AND CASCADE ESTATES, LTD.'S REPLY IN SUPPORT OF MOTION TO DISMISS, OR, ALTERNATIVELY, TRANSFER, COMPLAINT**<br><br>Date:      March 28, 2016<br>Time:     1:30 p.m.<br>Room:   880<br>Judge:    Hon. Philip S. Gutierrez<br><br>Complaint Filed:   October 27, 2015<br>[Los Angeles County Superior Court Case No. BC598451]<br><br>Removal Date:   December 7, 2015 |

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

The Opposition of Plaintiffs Canopus BioPharma, Inc. and Canopus Corporation, Ltd. (collectively, "Plaintiffs") wholly fails to address the facts and legal issues that are briefed in the Motion to Dismiss, or Alternatively, Transfer Complaint ("Motion") filed by Defendants Cascade Estates, Ltd. ("Cascade") and ICAP Patent Brokerage LLC ("ICAP").  Central District Local Rule 7-9 requires any party opposing a motion to file a memorandum stating "all the reasons" it opposes the motion.  "[F]ailure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue." *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) (quotation marks omitted); *see also Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (plaintiff abandoned claims by not raising them in opposition); *In re Polycom, Inc.*, 78 F. Supp. 3d 1006, 1014 n.6 (N.D. Cal. 2015) (plaintiff's failure to respond to arguments in motion to dismiss constitutes waiver of issue); *Song Fi Inc. v. Google, Inc.*, 108 F. Supp. 3d 876, 888 (N.D. Cal. 2015) (same).  Plaintiffs' failure to address the arguments set forth in the Motion constitutes a waiver on those issues, and the Court should grant ICAP's and Cascade's Motion.

To the extent that Plaintiffs' Opposition attempts to address the Motion's substantive arguments, it is meritless.

### I. PLAINTIFFS LACK STANDING TO SUE.

Plaintiffs admit that Canopus BioPharma, Inc.'s status in California is "FTB Forfeited."  While Canopus BioPharma, Inc. is in default of the laws of California, it cannot maintain this action or defend against the Motion. *Weinstock v. Sinatra*, 379 F. Supp. 274, 275-77 (C.D. Cal. 1974).

1    Plaintiffs do not even attempt to address Canopus Corporation, Ltd.'s lack of
2 standing and authority to bring this lawsuit, and therefore concede this action should
3 be dismissed because Canopus Corporation, Ltd. cannot maintain this lawsuit.
4 *United Medical Mgmt. v. Gatto*, 49 Cal. App. 4th 1732, 1740 (1996).

6    Thus, as briefed in the Motion and not opposed by Plaintiffs, the Court should
7 grant this Motion and dismiss Plaintiffs' Complaint because Plaintiffs could not
8 have brought this lawsuit in California state court and are likewise barred from
9 maintaining or prosecuting this action in federal court with diversity jurisdiction.

## II.   **PLAINTIFFS SUED CASCADE ESTATES, LTD., THE ENTITY THAT HAS A FORUM SELECTION CLAUSE WITH PLAINTIFFS.**

   Plaintiffs do not dispute that the Security Agreements contain a valid forum selection clause designating New York, not California.  Instead, Plaintiffs argue that they sued a Mauritius limited company called Cascade Estates, Ltd., not the Cascade Estates Ltd., a British Virgin Islands limited company, that is a party to the Security Agreements with a forum selection clause.

   However, the alleged basis for Plaintiffs' claims is the foreclosure sale of Plaintiffs' assets under the Security Agreement. (Complaint, ¶¶ 24-27, 58-59, 67-68.)  The entity that is a party to the Security Agreements, foreclosed on the Property at issue in this lawsuit, is on the corporate register of the British Virgin Islands, and was the winning bidder for both the March 2014 and August 2015 online auctions of all Plaintiffs' rights in the Property is Cascade Estates, Ltd., a British Virgin Islands limited company. (Declaration of Peter Zajac in support of Motion [Dkt. 18-1], ¶¶ 2-3, 5; *see generally* Request for Judicial Notice in support of Motion [Dkt. 19], Exh. 1 (New York Complaint).)  Plaintiffs' own Complaint does not deny these facts. (Complaint, ¶¶ 24-27.)  Further, Plaintiffs present no

evidence to dispute these facts established through the Declaration of Peter Zajac and the Request For Judicial Notice filed in support of the Motion.

Plaintiffs' baseless claim that some other Cascade entity exists that is a Mauritius limited company is completely unsupported and should be disregarded. A valid forum selection clause designating New York as the proper forum exists between Plaintiffs and Cascade. (Request for Judicial Notice in support of Motion [Dkt. 19], Exh. 1 (New York Complaint) at Exhibits A-B, ¶ 11, and Exhibits C-D, ¶ 15.) Accordingly, the Court should dismiss or, at the very least transfer, this action to New York pursuant to the forum selection clause.

### III. CASCADE ESTATES, LTD. IS A NOT A CITIZEN OF CALIFORNIA.

Without addressing any of the Motion's arguments that Plaintiffs' insufficient jurisdictional allegations fail to establish personal jurisdiction over Cascade, Plaintiff erroneously argue that Cascade's citizenship is determined by the residence of its "sole owner." The citizenship of the owner of Cascade, a company organized under the laws of the British Virgin Islands with a principal place of business in Mauritius, is irrelevant to determining the citizenship of Cascade. *See JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 91 (2002) ("corporation of a foreign State is, for purposes of jurisdiction in the courts of the United States, to be deemed, constructively, a citizen or subject of such State."); 28 U.S.C. § 1332 (c) ("corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"). Thus, the residence of the "owner" of a corporation does not establish citizenship of the corporation.

Plaintiffs' argument that there is personal jurisdiction because it is a "matter of agency or alter ego" is further unsupported. The Complaint does not contain any

-3-

allegations that Cascade's owner is an alter ego or agent of Cascade, or vice versa. Nor do Plaintiffs submit any evidence or even any argument to support these unfounded arguments of alter ego and agency.

Therefore, the Court should dismiss Plaintiffs' Complaint for lack of personal jurisdiction.

### IV.  CONCLUSION

For the foregoing reasons and those briefed in the Motion, the Court should dismiss Plaintiffs' Complaint.  In the alternative, the Court may also transfer this action to New York.

Dated:  March 14, 2016

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     */s/ Juthamas J. Suwatanapongched*
PAUL S. MALINGAGIO
JUTHAMAS J. SUWATANAPONGCHED

Attorneys for Defendants
ICAP PATENT BROKERAGE LLC
and CASCADE ESTATES, LTD.

**PROOF OF SERVICE**
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

*Canopus Biopharm, et. al. v. Supportive Therapeutics, et al.*
USDC Case No. 2:15-cv-09439-PSG (DTBx)

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 333 South Hope Street, 43rd Floor, Los Angeles, CA 90071-1422.

On March 14, 2016, I served true copies of the following document(s) described as **DEFENDANTS ICAP PATENT BROKERAGE LLC'S AND CASCADE ESTATES, LTD.'S REPLY IN SUPPORT OF MOTION TO DISMISS, OR, ALTERNATIVELY, TRANSFER, COMPLAINT** on the interested parties in this action as follows:

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

| | |
|---|---|
| Duane M. Linstrom<br>Law Office of Duane M. Linstrom<br>11750 Sorrento Valley Road, Suite 250<br>San Diego, California 92121 | Tel: 619-379-3496<br>dlinstrom@live.com<br>*Attorney for Plaintiffs Canopus Corporation Ltd. and Canopus Biopharma, Inc.* |
| Daniel S. Schecter<br>Noah L. Fischer<br>Latham & Watkins LLP<br>355 South Grand Avenue<br>Los Angeles, California 90071 | Tel: 213-485-1234<br>daniel.schecter@lw.com<br>noah.fischer@lw.com<br>*Attorneys for Defendants Supportive Therapeutics, LLC and Michael J. Morin* |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 14, 2016, at Los Angeles, California.

*[signature]*

TRACY L. FIELDING

18ZT-225556

SMRH:474012131.1

-1-